**UNITED STATES DISTRICT COURT**
**FOR THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **Alba Machuca de Diaz** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 1:26-cv-1265** |
| | : | |
| **v.** | : | |
| | : | |
| **Markwayne Mullin, Secretary,** | : | |
| **U.S. Department of Homeland** | : | |
| **Security** | : | |
| | : | |
| **Joseph B. Edlow, Director** | : | |
| **U.S. Citizenship and** | : | |
| **Immigration Services** | : | |
| | : | |
| **Rodney S. Scott, Commissioner,** | : | |
| **U.S. Customs and** | : | |
| **Border Patrol** | : | |
| | : | |
| | : | |
| **Defendants** | : | |

**COMPLAINT UNDER THE FREEDOM OF INFORMATION ACT FOR**
**DECLARATORY AND INJUNCTIVE RELIEF**

The Plaintiff, Ms. Alba Azucena Machuca de Diaz, by and through counselor Zachary

Abrahm Kohn, complains of Defendants, JOSEPH B. EDLOW, Director, U.S. Citizenship and

Immigration Services (USCIS), MARKWAYNE MULLIN, Secretary U.S. Department of

Homeland Security (DHS), and RODNEY S. SCOTT, Commissioner, U.S. Customs and Border

Patrol (CBP), as follows:

**I. INTRODUCTION**

Plaintiff Alba Azucena Machuca de Diaz ("Plaintiff" or "Ms. Machuca de Diaz") submitted

Freedom of Information Act ("FOIA") requests to Defendants on August 28, 2025 and December

1

3, 2025 for records concerning her immigration history. Defendants have failed to make a determination on the FOIA request and failed to disclose the requested documents within the time prescribed by FOIA. Therefore, Plaintiff now files this action for injunctive relief under the Freedom of Information Act, 5 U.S.C. § 552.

## II. JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B), 6(C)(i) and 28 U.S.C. § 1331.

2. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this district.

## IV. PARTIES

3. The Plaintiff, Ms. Machuca de Diaz, submitted multiple FOIA requests to DHS subagencies, including U.S. Citizenship and Immigration Services, U.S. Customs and Border Patrol, U.S. Immigration and Customs Enforcement, and U.S. Executive Office of Immigration Review through her attorneys August 28, 2025. She is a resident of Washington, D.C.

4. Defendant Markwayne Mullin is the head of the Department of Homeland Security, which is an agency of the United States under 5 U.S.C. § 552(f)(1). The Department of Homeland Security oversees the subagency USCIS, ICE Customs and Border Protection, and the Executive Office of Immigration for Immigration Review.

5. Defendant U.S. Citizenship and Immigration Services ("USCIS") is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, USCIS is responsible for processing applications

for lawful immigration to the United States. USCIS manages citizenship, green cards, family reunification, work authorization, and humanitarian protection programs, such as asylum and refugee processing. USCIS has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

6. Defendant U.S. Customs and Border Patrol ("CBP") is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, CBP is responsible for securing U.S. borders, preventing illegal entry at over 300 ports of entry. CBP has responsive records in its possession, custody, and control. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

### V. STATEMENT OF FACTS

7. Plaintiff is a current Temporary Protected Status holder from El Salvador. *See* Exhibit A, Plaintiff's Temporary Protected Status.

8. On October 31, 2022, Plaintiff filed Form I-485, Application to Register Permanent Residence or Adjust of Status with USCIS as the beneficiary of an immediate relative family petition. *See* Exhibit B, USCIS Decision. On July 7, 2025, USCIS denied the Plaintiff's application for legal permanent residence based on lack of USCIS jurisdiction. *Id. See also* 8 C.F.R. § 245.2(a)(1); 8 C.F.R. § 1245.2(a)(1). In the decision, USCIS alleged that an Immigration Judge had ordered the Petitioner be removed from the United States on December 18, 2000. *Id*.

9. The Plaintiff was not aware that she had a removal order under Alien Registration Number ("A Number") 095-064-037. However, no records of a removal order or indeed even

immigration court proceedings exist under this Alien Registration Number. *See* Exhibit C, Plaintiff's EOIR Automated Case Information System Results.

10. In order to obtain records of the removal order, namely the Notice to Appear, the Plaintiff filed Freedom of Information Requests.

11. As such, on August 28, 2025, Plaintiff, through her lawyers, filed a FOIA request ("Request" or "FOIA Request") with USCIS and EOIR for records relating to her immigration history using the Alien Registration Number provided by USCIS' decision. The FOIA Requests complied with USCIS's FOIA requirements and are attached as Exhibits D.

12. In an email dated October 22, 2025, USCIS confirmed receipt of Plaintiff's FOIA Request on August 22, 2025 with assigned control number, NRC2025403404. In an email dated August 28, 2025, EOIR confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 2025-93944. The agencies' confirmations of receipt are attached as Exhibit E.

13. On September 25, 2025, EOIR responded to Plaintiff's request, stating, "The A-number you provided does not appear in our database. Therefore, your request has been administratively closed." *See* Exhibit F.

14. On September 26, 2025, the Plaintiff, through her lawyers, filed a FOIA request with the U.S. Office of Biometric Identity Management (OBIM) with a fingerprints card in order to obtain the Plaintiff's other Alien Registration Number. *See* Exhibit G. In an email dated the same day, OBIM confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 2025-OBFO-139319. *Id*.

4

15. On October 29, 2025, USCIS responded to Plaintiff's request with results which only included evidence of Plaintiff's previous Temporary Protected Status applications. *See* Exhibit H. The results did not include any evidence of her removal proceedings or resulting removal order. *Id*.

16. On October 30, 2025, Plaintiff, through undersigned counsel, submitted a request to the USCIS FOIA liaison to update the FOIA records results with missing documents (notably Plaintiff's NTA and ICE records) as the I485 denial indicated the Plaintiff was in removal proceedings. *Id*.

17. In furtherance of her search to obtain records of her removal order, the Plaintiff through counsel submitted a FOIA request with ICE on November 7, 2025, using the Alien Registration Number which USCIS had provided in its I-485 denial. *See* Exhibit I. ICE confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 2026-ICFO-04300. *Id*.

18. That same day, the Plaintiff through counsel also submitted another FOIA request with ICE, this time without the Alien Registration Number which USCIS provided in its denial. *See* Exhibit I. ICE confirmed receipt of Plaintiff's FOIA Request and assigned the Request a control number, 2026-ICFO-04304. *Id*.

19. On December 1, 2025, ICE returned results to Request #2026-ICFO-04300, which included the Alien Registration Number provided by USCIS, and indicated no results. *See* Exhibit I.

20. On December 3, 2025, Plaintiff, through counsel, submitted a FOIA Request with CBP. *See* Exhibit J. That same day, CBP confirmed receipt of the request and assigned it Tracking Number CBP-FO-2026-029126.

21. On December 15, 2025, Plaintiff, through counsel, filed an appeal of USCIS' FOIA Results, which indicated only results pertaining to the Plaintiff's Temporary Protected Status application and no records relating to her removal proceedings. *See* Exhibit K.

22. On December 16, 2025, CBP responded to the Plaintiff's FOIA request for Request #CBP FOIA - CBP-FO-2026-029126, indicating that it was in process and could take an estimate of 6-9 months to complete. *See* Exhibit L.

23. On January 6, 2026, CBP responded with the results of the Plaintiff's FOIA Request #CBP FOIA - CBP-FO-2026-029126, indicating, "We conducted a comprehensive search of files within the CBP databases for records that would be responsive to your request. Unfortunately, we were unable to locate or identify any responsive records, based upon the information you provided in your request." *See* Exhibit M.

24. On April 7, 2026, the Plaintiff filed an appeal of CBP's FOIA Results. *See* Exhibit N.

25. As of this date, OBIM has failed to respond to Plaintiff's request.

26. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. See 5 U.S.C. § 552(a)(6)(A)(i).

27. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

28. Under FOIA, a person making a request is deemed to have exhausted his administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

29. USCIS and EOIR thus far have failed to produce any responsive agency records to Plaintiff and the statutory period for an agency response has expired. USCIS and EOIR similarly

have failed to communicate the scope of the documents they intend to produce and their

reasons for withholding any documents.

## CAUSE OF ACTION

### COUNT ONE
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**For Failure to Respond Within the Time Required**

30. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as

    though fully set forth herein.

31. Under the FOIA, Defendants were required to respond to Plaintiff's FOIA request and to

    notify Plaintiff of the agency's determination within thirty working days after receiving the

    request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

32. Defendants' failure to make the requisite determination and to communicate it to the

    Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. §

    552(a)(6)(A)(i).

### COUNT TWO
**Violation of the Freedom of Information Act, 5 U.S.C. § 552**
**For Failure to Conduct an Adequate Search**

33. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as

    though fully set forth herein.

34. Defendants have violated their obligation under the FOIA by failing to make a reasonable

    effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

35. Though the Defendants have responded with results in their results, the agencies did not

    conduct adequate searches under 5 U.S.C. § 552(a)(3)(C) because the results failed to

include evidence of the Plaintiff's removal order, when USCIS alluded to the order in an

Adjustment of Status decision, indicating knowledge of its existence. *See* Exhibit B.

## COUNT THREE
### Violation of the Freedom of Information Act, 5 U.S.C. § 552
### Wrongful Withholding of Records

36. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

37. Defendants are wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

38. Defendants are obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

39. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendants' failure to disclose them.

40. Defendants' failure to disclose all responsive records violates their statutory obligations to make requested records promptly available to the public.  5 U.S.C. § 552(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

2. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's Request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

3. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA Request in accordance with 5 U.S.C. § 552(a)(3)(C);

8

4. Declare that Defendant's failure to promptly disclose the records responsive to

Plaintiff's Request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

5. Order Defendant to expeditiously disclose all responsive, non-exempt records and

enjoin Defendant from improperly withholding records;

6. Award Plaintiff his attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

7. Grant such other relief as the Court may deem just, equitable, and appropriate.


Respectfully submitted this 14th day of April, 2026.


*By counselors,*

/s/ Zachary Abraham Kohn                /s/ Isabel Wojtowicz
Zachary Abraham Kohn                Isabel Wojtowicz
Counselor for Plaintiff                Counselor for Plaintiff
Haynes Novick Kohn Immigration             Haynes Novick Kohn Immigration
1616 P Street NW Suite 400              1616 P Street NW, Suite 400
Washington, DC 20036                Washington, DC 20036

**TABLE OF CONTENTS**

- **EXHIBIT A: Plaintiff's Temporary Protected Status**
- **EXHIBIT B: USCIS Denial of Plaintiff's Form I-485**
- **EXHIBIT C: Plaintiff's EOIR Automated Case Information System Results**
- **EXHIBIT D: Copy of Plaintiff's USCIS and EOIR FOIA Requests** (Submitted August 28, 2025)
- **EXHIBIT E: Confirmation of Receipt of Plaintiff's USCIS and EOIR FOIA Requests** (August 28, 2025)
- **EXHIBIT F: EOIR Response to Plaintiff's FOIA Request,** stating, "The A-number you provided does not appear in our database. Therefore, your request has been administratively closed." (Sept. 25, 2025)
- **EXHIBIT G: Copy of Plaintiff's OBIM FOIA Request** and confirmation of receipt (Sept. 26, 2025)
- **EXHIBIT H: USCIS' Response to Plaintiff's USCIS FOIA Request, with results** which only included evidence of Plaintiff's previous Temporary Protected Status applications (Oct. 29, 2025). **Plaintiff's Email Response to FOIA Liaison**, requesting update to FOIA records with Plaintiff's missing NTA and ICE Records (Oct. 30, 2025)
- **EXHIBIT I: Plaintiff's ICE FOIA Requests (Nov. 7, 2025),** one with Alien Registration Number which USCIS provided in I-485 denial, and the other without the Alien Registration Number. **ICE's Returned Results to Request**, which included Alien Registration Number provided by USCIS, indicating no results (Dec. 1, 2025)
- **EHXIBIT J: Plaintiff's CBP FOIA Request** and CBP confirmation of receipt (Dec. 3, 2025)
- **EXHIBIT K: Plaintiff's Appeal of USCIS' FOIA Results,** which indicated only results pertaining to Plaintiff's Temporary Protected Status and no records relating to her removal proceedings (Dec. 15, 2025)
- **EXHIBIT L: CBP's Response to Plaintiff's CBP FOIA Request,** indicating that it was in process and could take an estimate of 6-9 months to complete (Dec. 16, 2025)
- **EXHIBIT M: CBP's FOIA Results to Plaintiff's Request #CBP FOIA - CBP-FO-2026-029126**, indicating no results (Jan. 6, 2026)
- **EXHIBIT N: Plaintiff's Appeal of CBP's FOIA Results** (April 8, 2026)