# EXHIBIT B

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
National Benefits Center
P.O. Box 648004
Lee's Summit, MO 64002

July 7, 2025

U.S. Citizenship and Immigration Services

ALBA AZUCENA MACHUCA DE DIAZ
6110 EASTER AVE NE
WASHINGTON, DC 20011

IOE0918156310

RE: I-485, Application to Register Permanent Residence or Adjust Status

A095-064-037

## NOTICE OF DECISION

On October 31, 2022, you submitted a Form I-485, Application to Register Permanent Residence or Adjust Status, to U.S. Citizenship and Immigration Services (USCIS) under section 245 of the Immigration and Nationality Act (INA) and Title 8, Code of Federal Regulations (8 CFR).

Generally, to qualify for adjustment under INA 245, an applicant must:

- Be inspected and admitted or paroled into the United States;
- Be eligible to receive an immigrant visa;
- Be admissible to the United States for permanent residence;
- Have an immigrant visa immediately available at the time the application is filed; and
- Merit a favorable exercise of discretion.

After a thorough review of your application and supporting documents, we must inform you that we are denying your application because USCIS does not have jurisdiction to decide whether you are eligible for adjustment of status since an Immigration Judge entered a Final Removal Order against you on December 18, 2000.

### Statement of Facts and Analysis, Including Ground(s) for Decision

You filed Form I-485 based on being the beneficiary of an immigrant petition.

USCIS has jurisdiction to adjudicate an application for adjustment of status only if the Immigration Judge does not have jurisdiction. See Title 8, Code of Federal Regulations (8 CFR), sections 245.2(a) and 1245.2(a). In general, except if the applicant is an "arriving alien", the Immigration Judge has jurisdiction to grant or deny a Form I-485 if the adjustment applicant is in a section 240 removal proceeding before the U.S. Department of Justice, Executive Office for Immigration Review (EOIR).

USCIS reviewed your case file, A095064037, and determined that an Immigration Judge ordered that you be removed from the United States on December 18, 2000, but you have not yet departed under that order. After a thorough review

of your application and supporting documents, it does not appear that the removal proceedings against you have been terminated. See 8 CFR section 245.1(c)(8)(ii). USCIS also determined that you are not an arriving alien because you entered the United States without inspection.

Since you are a respondent in a removal proceeding, and you are not an "arriving alien", only EOIR has jurisdiction to grant or deny your Form I-485 based on the merits. However, because the Immigration Judge entered a Final Removal Order against you, your Form I-485 is denied based on lack of USCIS jurisdiction. 8 CFR sections 245.2(a)(1) and 1245.2(a)(1).

The record shows that you are in a period of authorized stay in the United States. You must continue to comply with all the conditions that apply to your authorized stay.

**Employment Authorization Document**

Since this Form I-485 has been denied, the condition upon which your employment authorization was based no longer exists. Therefore, USCIS has determined that any pending Form I-765, Application for Employment Authorization, related to the Form I-485 is also denied.

Any employment authorization based upon this Form I-485 is automatically terminated if the expiration date on the employment authorization document has been reached pursuant to 8 CFR 274a.14(a)(1)(i).

Since this Form I-485 has been denied, the condition upon which your employment authorization was based no longer exists. Any unexpired employment authorization based upon this Form I-485 is revoked as of 18 days from the date of this notice pursuant to 8 CFR 274a.14(b)(2), unless you submit, within 18 days, proof that your Form I-485 remains pending. The decision by the district director shall be final and no appeal shall lie from the decision to revoke the authorization.

Your employment authorization document should be returned to the local USCIS office.

**Advance Parole Document**

Since this Form I-485 has been denied, the condition upon which your advance parole was based no longer exists. Therefore, USCIS has determined that any pending Form I-131, Application for Travel Document, related to the Form I-485 is also denied.

Pursuant to 8 CFR 212.5(e)(1)(ii), any advance parole document based upon this Form I-485 is automatically terminated if the expiration date of the time for which parole was authorized has been reached.

Since this Form I-485 has been denied, the purpose for which your advance parole document was issued has been accomplished. Any unexpired advance parole document issued to you based upon this Form I-485 is terminated as of the date of this notice pursuant to 8 CFR 212.5(e)(2)(i).

**Appeals and Motions**

You may not appeal this decision.

If you desire to file a motion, you must do so on Form I-290B within 30 days from the date of this notice (33 days if

this notice was received by mail). The motion shall be filed on Form I-290B, together with the current fee, and mailed to:

USCIS
Attn: AOS
P.O. Box 805887
Chicago, IL 60680

To access Form I-290B or if you need additional information, please visit the USCIS Web site at www.uscis.gov. For questions about your application, you can use our many online tools (uscis.gov/tools) including our virtual assistant, Emma. If you are not able to find the information you need online, you can reach out to the USCIS Contact Center by visiting uscis.gov/contactcenter.

Sincerely,

Rose M. Kendrick
Acting Director
Officer: LA0035

NBLI485NBCFBI000028617892